1Case 1:23-cv-03788-ACR   Response to Defendants's Opposition of amended complaint

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

KIMBERLYNN JURKOWSKI,

Plaintiff,

Civil Action No. 1:23-cv-03788-ACR

v.

DISTRICT OF COLUMBIA PUBLIC

SCHOOLS, et al.,

Defendant

## PLAINTIFF"S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff opposes Defendant's Opposition to Plaintiff's Motion For Leave to file a

Second Amended Complaint because the Defendant's Opposition is largely

misrepresentation of Local Rule 7, and further misrepresentation of FRCP 7 and

FRCP 15(a) and other details.

RECEIVED

JAN 2 3 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

2Case 1:23-cv-03788-ACR   Response to Defendants's Opposition of amended complaint

## FACTS AND PROCEDURAL BACKGROUND

## I-IV   PLAINTIFF'S RESPONSE TO DCPS'S DECISION TO TERMINATE

## HER EMPLOYMENT:DILIGENCE

## PLAINTIFF LOCATES NEW EVIDENCE AND INFORMATION

**The DCPS/LMER  flawed notice of Termination** for Plaintiff which did not

include proper grounds nor proper evidence supporting the termination of Plaintiff

as of  February 14, 2022 (effective March 7, 2022)-present.  The flawed

investigation regarding the events, participants, charges, evidence, large media

coverage, misrepresentations of facts, false statements, false reporting, false

claims, and other details are not yet clear and OEA' investigation: Petition for

Review/final decision has not been issued as of January 23, 2026. And D.C.

Superior Court Complaint 2025-CAB-008255/Civil Division is currently scheduled

for an Initial Hearing 3/20/26 **See Exhibit 1:** Notice of Termination

**Concealment and Tolling D.C. Civil Conspiracy and Tort Claims:**

In the District of Columbia, challenging a teacher's termination through the Office of Employee Appeals (OEA) while alleging concealment of a civil conspiracy involves navigating strict jurisdictional deadlines and specific legal doctrines. Concealment and Continuing Harm Doctrines  If you missed the 30-day window due to concealment, these legal principles may apply: Fraudulent Concealment: In D.C. civil matters, the statute of limitations can be tolled (paused) if a defendant's affirmative acts of concealment prevented the plaintiff from discovering the harm. Continuing Harm: This doctrine may apply if the wrongful acts were not a single event (like a one-time termination) but a series of related acts that collectively caused ongoing injury. Civil Conspiracy and Tort Claims claims like civil conspiracy or defamation; these are typically pursued in the D.C. Superior Court. Statute of Limitations (Superior Court): Most civil tort claims in D.C. have a 3-year statute of limitations. Pleading Standard: For claims involving fraud or conspiracy to commit fraud, you must meet a heightened pleading standard, stating the circumstances of the fraud with "particularity".  Actionable Steps If your primary claims are for damages from a conspiracy (rather than just reinstatement), you may need to file a complaint in the D.C. Superior Court. In Washington D.C., most general tort and civil conspiracy claims have a three-year statute of

limitations. The primary exceptions allowing a case to be filed late fall under the legal principle of tolling, which pauses the running of the time limit under specific circumstances.

## Applicable Statute of Limitations

The specific statute of limitations depends on the nature of the underlying claims, which in your case relate to employment termination, civil conspiracy, and various torts: Wrongful Termination/General Torts: Claims for injury to person or property, as well as those for which a limitation is not otherwise specified (the "catch-all" provision), generally have a three-year limitation period from when the right to maintain the action accrues. Civil Conspiracy: The statute of limitations for a civil conspiracy claim is tied to the underlying tort and is generally three years. Defamation (Libel/Slander): If the actions of the principal and teacher involved false and damaging statements, a claim for libel or slander has a much shorter one-year statute of limitations.

## Exceptions for Late Filing (Tolling)

The statute of limitations may be extended or "tolled" (paused) in certain situations, which are governed by D.C. law: Discovery Rule: The clock may not start running until the date the injury or the facts giving rise to the cause of action are known, or reasonably should have been discovered through due diligence. This is a crucial exception in cases involving secretive actions like a conspiracy. Last Overt Act Doctrine (for conspiracy): For a civil conspiracy claim, the statute of limitations may not begin to run until the "last overt act" in furtherance of the conspiracy has been completed. Statutory Exceptions: Specific statutes may have their own tolling provisions. For example, some employment-related statutes in D.C. toll the limitations period if the required workplace notices were not posted by the employer. Fraud or Deceit: If the defendant's fraudulent conduct or deceit prevented the plaintiff from discovering the basis for their claim in a timely manner, the statute of limitations may be tolled. It is highly recommended that you consult with a qualified D.C. employment or civil litigation attorney to determine the specific statutes of limitations applicable to your case and whether any of these exceptions apply to your circumstances. Washington, DC Wrongful Termination Attorneys - Dhali P.C. The statute of limitations for the tort claim of wrongful discharge in D.C. is 3 years. See D.C. Code Ann. § 12-301. In D.C., the tort of wrongful discharge.

6Case 1:23-cv-03788-ACR   Response to Defendants's Opposition of amended complaint

**Rule 16.3 Report: Pursuant to Local Rule 16.3, Plaintiff and the District state the following:**

**See Exhibit 2:**  Joinder of Parties/Amendment of Complaint/

Narrowing of Issues: The Parties do not anticipate joining any additional parties. Plaintiff does not currently anticipate amending her complaint further but reserves the right to seek leave to amend.

### LEGAL STANDARD

**Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposite part's written consent or the court's leave.**

Consent Requirement: Unlike the federal rule, D.C. Rule 15(a)(5) requires that any motion to amend must include a statement that the moving party sought the onset of the affected parties and that such consent was denied. As in the Plaintiff's email to the Defendant on January 5, 2026 with a copy of the proposed amended complaint. The Defendant responded "The District does not consent to your request for leave to file an Amended Complaint and intends on opposing any such motion." unlike in the Defendant's Certificate of Compliance with LCvR7(m): "I, Andrew M. Vandini, certify that on

January 5, 2026, I conferred with Ms. Jurkowski via email concerning the

relief requested in her Motion for Leave to File an Amended Complaint. The

parties were not able to come to agreement on the relief requested."

Objection: FRCP: false statements and Rule 15 for amendment, alleging

the defendant's misrepresentation of the conferral, and Defendant's email

January 5, 2026, which shows the Defendant's explicitly denied consent.

The Plaintiff is concerned with the Defendant's misrepresentation of the

nature and discussion, contradicting the Defendant's Certification in the

Defendant's Opposition to Plaintiff's Motion for Leave to file amended

Complaint. **See Exhibit 3:** email of Defendant's email of January 5, 2026.

## DILIGENCE OF THE MOVING PARTY

In D.C. Superior Court, once a Rule 16(b) scheduling deadline has passed, a

party must show "good cause" to amend their complaint. This is a more

exacting standard than the "liberally granted" Rule 15 standard and primarily

focuses on the diligence of the moving party.

To show good cause under Rule 16(b), courts typically consider these four

factors:

1. Diligence of the Moving Party: The primary factor. You must show that

   the deadline could not reasonably have been met despite your diligent

efforts to investigate and prosecute the case (deadline may not be at issue yet).

2. Explanation for Delay: Provide a legitimate reason for why the information supporting the amendment was not available or could not have been discovered earlier. In Jurkowski v. DCPS case 1:23-cv-03788-ACR, has continued discovery and the Plaintiff has been Diligent and working to discover facts, claims, and evidence which supports and connects the relevant discovery from request for productions, interrogatories, and other discovery tools to new claims, identified defendants, harms, damages, and other relevant issues in the case.

3. Importance of the Amendment: Demonstrate how the new claims or facts are essential to the merits of the case. Such as identifying new claims, defendants, adverse actions, overt acts, D.C. Rules & violations of FRCP, D.C. Rules, and the Plaintiff's rights to support the basis of her lawsuit.

4. Recital of Consent: Per Rule 15(a)(5), you must state that you sought the opposing party's consent and it was denied.

Consent Requirement: Unlike the federal rule, D.C. Rule 15(a)(5) requires that any motion to amend must include a statement that the moving party sought the onset of the affected parties and that such consent was denied. As in the Plaintiff's email to the Defendant on January 5, 2026 with a copy of the proposed amended complaint. The Defendant responded "The District does not consent to your request for leave to file an Amended Complaint and intends on opposing any such motion." unlike in the Defendant's Certificate of Compliance with LCvR7(m): "I, Andrew M. Vandini, certify that on January 5, 2026, I conferred with Ms. Jurkowski via email concerning the relief requested in her Motion for Leave to File an Amended Complaint. The parties were not able to come to agreement on the relief requested." Objection: FRCP: false statements and Rule 15 for amendment, alleging the defendant's misrepresentation of the conferral, and Defendant's email January 5, 2026, which shows the Defendant's explicitly denied consent. The Plaintiff is concerned with the Defendant's misrepresentation of the nature and discussion, contradicting the Defendant's Certification in the Defendant's Opposition to Plaintiff's Motion for Leave to file amended Complaint. See Exhibit 3: email of Defendant's email of January 5, 2026.

Providing evidence that you attempted to obtain the opposing party's consent for the amendment prior to filing the motion, as required by Rule 12-I(a).

Specific Requirements: DC Superior Court vs. FRCP DC Rule 15(a)(5): A specific local rule in DC requires that no motion to amend will be considered unless it recites that the movant sought to obtain the consent of parties affected and that such consent was denied., as in the Plaintiff's case.

In both D.C. In Superior Court and federal court, the "good cause" requirement of Rule 16(b) is a high bar that focuses almost entirely on the moving party's diligence. You must show that the deadline could not have been met despite your best, most reasonable efforts, if that is the case. Prompt Action After Discovery: Filing the motion immediately (typically within days or a few weeks) after receiving new information from a deposition or document production that revealed the need for the amendment, which is what the Plaintiff has done.

A lack of thorough initial investigation or filing a "placeholder" complaint without follow-up usually fails to meet this "good cause" threshold. But in the case of the Plaintiff, requesting to amend her complaint for a second time typically requires the court's leave or written consent from the opposing party. While Rule 15 instructs courts to "freely give leave when justice so

requires," filing after a court-ordered deadline necessitates a higher showing

of "good cause", however there is still time before a deadline delay occurs.

"Justice So Requires" Standard: Courts generally apply a "virtual

presumption" in favor of granting leave unless there is a strong reason to

deny it.

Key Factors for Leave to Amend: According to DC case law (e.g., Bennett v.

Kiggins), courts evaluate: Number of previous requests for leave to amend.

Potential for delay in trial or discovery. Existence of bad faith or dilatory

motive. Legal merit of the proposed amended pleading. Prejudice to the

opposing party. Good Cause for Deadlines: If the scheduling order deadline

for amendments has passed, you must demonstrate "good cause" under Rule

16(b), which primarily focuses on the diligence of the party seeking the

amendment.  DC Superior Court & DC Circuit Case Examples

Bennett v. Kiggins, 434 A.2d 478 (D.C. 1981): Established the primary

factors for granting leave to amend in DC Superior Court.

Johnson v. Fairfax Village Condo., 641 A.2d 495 (D.C. 1994): Affirmed that

leave to amend should be granted "where no good reason appears to the

contrary". Wildearth Guardians v. Kempthorne, 592 F. Supp. 2d 18 (D.D.C.

2008): In the District of Columbia federal court, the standard for motions to

amend (Rule 15a) and motions to supplement (Rule 15d) is essentially the

same. Federal Rules of Civil Procedure (FRCP) "Good Cause"

In federal practice, "good cause" is the prerequisite to move for an

amendment under Rule 15 if the Rule 16 scheduling deadline has passed.


The Plaintiff has worked to Document the Need and the reasons for the

second amended complaint which will include new facts, legal analysis, and

it is necessary to the case.  Plaintiff has Show Diligence: Demonstrating

Plaintiff has  acted promptly once the need for amendment became clear.

Addressing any potential prejudice and showing the amendment won't

significantly harm the other party or, if it might, propose solutions (like

extending discovery, in the need for Justice. The Plaintiff has cited cases,

referred to D.C., Superior Court Rules 15, FRCP, and other applicable

Federal Court rules, including cases illustrating "Good Cause, like: In

Premier Comp Solutions, LLC v. UPMC ( a case often cited in D.C. federal

and local courts), the court noted that learning entirely new facts during a

deposition- such as evidence of an illegal bid-rigging agreement- can

constitute good cause for a late amendment, provided the party moves

quickly after the deposition. Active Litigation Efforts: In Sanford v. Congress Heights (D.C. Superior Court), the Office of the Attorney General was permitted to file an amended complaint because they demonstrated that the request would not unfairly delay the trial and the merits of the amendment were strong. Diligence over Prejudice: Federal courts in D.C. have established that the "good cause" standard focuses on the diligence of the moving party. When It Is Denied (The "Wilson" Warning) In contrast, in Wilson v. Target, the court denied an amendment because the plaintiff "sat on her hands" and only tried to amend after the defendant moved to dismiss. The court ruled that belated legal research or realizing a strategy was poor does not equal good cause.

In both federal and D.C. courts, the "good cause" standard under Federal Rule of Civil Procedure 16(b)(4) and D.C. Superior Court Civil Rule 16(b) is primarily measured by the diligence of the party seeking the amendment. Common examples of "good cause" include: Discovery of New Evidence: The most common ground is learning new facts through depositions or document production that were not available despite reasonable investigative efforts before the deadline. General FRCP: Foman v. Davis (the landmark

Supreme Court case often cited in D.C. courts) reinforces that the "freely

given" mandate must be followed unless one of the negative factors (futility,

bad faith, etc.) is clearly present. However in the Plaintiff's case negative

factors (futility, bad faith, etc.) are not clearly present.

## ARGUMENT

### I-A-B        Plaintiff's Motion for leave to Amend her second Complaint should be Granted because the Amendment is viable and necessary

The Plaintiff's Proposed Second Amended Complaint is relevant to the complaint.

It has been presented as a proposed second amended complaint with many relevant

details, case law, legal actions, defendants, and other details that are necessary to

the case and the claims, defendant's actions, harms, and damages, as follows:

In DC and under FRCP, allegations for civil conspiracy and torts require specific

factual details: Conspiracy needs an agreement to do an unlawful act (or lawful act

unlawfully), an overt act in furtherance, and resulting injury/damages (e.g., lost

wages, medical bills). Tort allegations (like negligence, fraud) require pleading the

defendant's duty, breach, causation, and damages, with fraud/certain claims

needing heightened particularity (Rule 9(b)) for time, place, and specifics, but

general torts (car crash) need less detail.  Key Requirements for Civil Conspiracy

(DC & Federal) Agreement: Two or more people agree to do something illegal or a lawful thing illegally. Overt Act: At least one person takes an action (the "overt act") to further the agreement. Injury: The plaintiff suffers actual harm (e.g., lost wages, property damage) from that act. Specific Damages: Quantifiable Monetary losses (special damages).

## II. The Amendment is not too Late and no added Complications to Litigation

No prejudice/Allowed: In Lover v. District of Columbia (D.D.C. 2008), In the District of Columbia, courts apply a liberal standard under Federal Rule of Civil Procedure 15(a), which mandates that leave to amend be "freely given when justice so requires". The  defendant's claim that an amended complaint "causes complications" is generally framed legally as undue prejudice or undue delay, bad faith, etc. Technical Corrections and Clarifications: as in  In Harrison v. Rubin, the court held that delay without a showing of prejudice is not a ground for denial if the amendment merely clarifies legal theories or makes technical corrections. Minimal Discovery as in : In Petworth Holdings, LLC v. Bowser, the court found "little prejudice" to defendants because discovery had not yet closed and plaintiffs had not been deposed.

Notice of Factual Basis: Amendment is often permitted if the factual allegations relate to information already discussed or known to the parties earlier in the litigation, as seen in Silver v. IRS (2025 decision).

Post-Remand Promptness: Even if years have passed, if the motion to amend is filed promptly after a remand and before new discovery begins, it is likely to be granted. Specific Rule 15 Requirements for DC Duty to Seek Consent: Under LCvR 7(m) and local variations of Rule 15, a movant must attempt to obtain the opposing party's consent before filing a motion to amend. Under Federal Rule of Civil Procedure (FRCP) 15 and District of Columbia Superior Court Civil Rule 15, courts "freely give leave" to amend a complaint "when justice so requires".

Leave of Court: After that, amendments require written consent or court permission, which is granted liberally unless there is evidence of bad faith, undue delay, or futility, and in the Plaintiff's case there is none. Are Futile: The new claims would not survive a motion to dismiss. Are Procedurally Improper: They are filed after the scheduling order deadline, requiring a showing of "good cause" under FRCP 16.

The Defendant could have saved time and resources by consenting to the Plaintiff's proposed second amended complaint. However, it may be necessary to gain a better view of what is possible when you do not believe in the complaint which could not have been amended at an earlier date due to the lack of evidence. And

18Case 1:23-cv-03788-ACR    Response to Defendants's Opposition of amended complaint

## CONCLUSION

For these reasons, the Court should grant the Plaintiffs' Motion For Leave To File

A Second Amended Complaint.

Dated: January 23, 2026                    Respectfully submitted,

                                           Kimbelrynn Jurkowski Pro Se

                                           /s/ Kimberlynn Jurkowski

                                           3540 Crain Highway

                                           Bowie, Md 20716

                                           609 481-8878

                                           kjurkowski777@gmail.com

just to have faith in a complaint that does not pose unfair prejudice and should be confirmed. The Plaintiff is asking the Court to confirm the second amended complaint because justice so requires.

## CERTIFICATE OF COMPLIANCE WITH LCvR7(m)

I, Kimberlynn Jurkowski, certify that on January 5, 2026, I conferred with Andrew

M. Vandin, via email, emailing a copy of the  Plaintiff's proposed

Second Amended Complaint with redline to Andrew M. Vandin and Andrea

Negovan, and the response is below:

As in the Plaintiff's email to the Defendant on January 5, 2026 with a copy of the

proposed amended complaint. The Defendant responded "The District does not

consent to your request for leave to file an Amended Complaint and intends on

opposing any such motion." unlike in the Defendant's Certificate of Compliance

with LCvR7(m): "I, Andrew M. Vandini, certify that on January 5, 2026, I

conferred with Ms. Jurkowski via email concerning the relief requested in her

Motion for Leave to File an Amended Complaint."

/s/ Kimbelrynn Jurkowski

Kimberlynn Jurkowski Pro Se

3540 Crain Highway

Bowie, Md 20716

609 481-8878

kjurkowski777@gmail.com

## CERTIFICATE OF SERVICE

I, Kimberlynn Jurkowski, certify that on this 23rd day of January, 2026, I

served a true and accurate copy of the foregoing via email to Andrew

Vandini and Andrea Negovan the following:

Andrew M. Vandini    Andrew.vandini@dc.gov

Andrea Negovan   andrea.negovan@dc.gov

Andrea Negovan

400 6th Street, NW

Washington, DC 20001

202 957-2865

# EXHIBIT 1

**Notice of termination**



**Via Electronic Mail (**<u>Kimberlynn.Jurkowski@k12.dc.gov</u>; <u>kjurkowski777@gmail.com</u>**)**

February 14, 2022

Kimberlynn Jurkowski
317 New Road
Northfield, NJ 08225

Re:     Notice of Termination
        Library/Media Specialist
        Watkins ES
        Jurkowski, Kimberlynn (x5669; EmplID: 00082524)

Dear Ms. Jurkowski:

This letter serves to notify you that the District of Columbia Public Schools (DCPS) has concluded Investigation No. 22-0068, into an allegation of misconduct in office made against you, and has determined the allegation to be substantiated.

In accordance with Title 5-E, Chapter 14 of the District of Columbia Municipal Regulations (DCMR), as well as relevant provisions of the Collective Bargaining Agreement between the Washington Teachers' Union (WTU) and the District of Columbia Public Schools (WTU Agreement), this letter serves as official notice that you will be terminated from your position as a Library/Media Specialist, effective March 8, 2022. The WTU Agreement requires that you receive notification of this action ten (10) school days prior to the effective date of your termination.  Your notification period begins on February 15, 2022. You will remain on paid administrative leave through March 7, 2022.

The grounds and reasons for your termination are as follows:

Grounds:      Violations of 5-E DCMR Section 1401.2 (b) Grave Misconduct; and 5-E DCMR Section 1401.2 (v) Other Conduct During and Outside of Duty Hours That Would Affect Adversely the Employee's or the Agency's Ability to Perform Effectively

Reasons:      You had students conduct a reenactment of the Holocaust during class. Students describe playing different roles in the reenactment, including: pretending to shoot other students who were portraying Jewish people; digging ditches; placing students in gas chambers; and building trains to transport Jewish people to the gas chambers. One student in particular was made to portray Adolf Hitler. You then instructed the students not to tell their parents about the reenactment.

Based on an investigation conducted by DCPS, we have concluded that an adverse action is warranted and that termination is the appropriate action.  At no time during your period of administrative leave or

Ms. Kimberlynn Jurkowski
February 14, 2022
Page 3

read the enclosed document which provides additional information regarding Temporary Continuation of Coverage (TCC) insurance.   Please contact DCPS Employee Services (202-442-4090) if you have any questions regarding TCC insurance, or other benefits.

Sincerely,

Aimee D. Peoples
Deputy Chief, Labor Management &
    Employee Relations

Enclosures

cc:    MScott Berkowitz, Principal
       Shawn Stover, Instructional Superintendent
       Jacqueline Pogue-Lyons, President, WTU
       Regina Bell, Vice President, WTU
       Kim Jackson, Chief, Elementary Schools
       Scott Barash, Esq., Chief, General Counsel
       Jana Woods-Jefferson, Deputy Chief, Employee Services
       Anita Berry, Director, HR Processing
       DCPS Offboarding
       Tisa McGhee, Finance Division
       LMER Investigations
       Office of School Security
       Official Personnel Folder

Ms. Kimberlynn Jurkowski
February 14, 2022
Page 2

thereafter are you to be in or on the grounds of Watkins ES or on DCPS property, unless cleared in advance by Labor Management & Employee Relations.

As required by the WTU Agreement, within five (5) days of your receipt of this notice, you have the right to review any documents supportive of the charges, to reply in writing or in person to all charges and to furnish any statements in support of your reply. Your request must be directed to Labor Management & Employee Relations, 1200 First Street, N.E., 10th Floor, Washington, D.C. 20002. Your adverse action will be effective as stated above unless upon consideration of any additional relevant facts, DCPS determines that a modification of the action is warranted. If DCPS makes such a determination, you and the WTU will be notified in writing. If you do not receive such communication, this letter will serve as your final notice of termination.

Any documents provided to you regarding the details of the investigation and/or disciplinary action are being provided in accordance with the relevant provisions of the WTU DCPS Collective Bargaining Agreement (CBA). As these documents contain sensitive information, please do not share them outside of those persons necessary to assist in any rebuttal, defense, or grievance actions you may undertake. Please also be advised that any harassment, retaliation or coercion against any individuals for their participation in an investigation is strictly prohibited and may lead to disciplinary action.[1]

You may elect to file a grievance concerning this action in accordance with Article VI, Grievance and Arbitration, of the WTU Agreement. In addition, if you are a permanent employee of the District of Columbia Public Schools, you may elect to file an appeal with the Office of Employee Appeals (OEA). You may not, however, do both.

You are to immediately return all keys, security badge(s), pass card(s), uniforms, cell phone(s), and any and all government property issued to you as a DCPS employee. Please call the Office of School Security at (202) 576-6950 to make arrangements to deliver your items. DCPS will take all appropriate action until all DCPS property is returned. This includes all DCPS paper-based or computer-based documents contained on computer disks, hard drives, storage drives and on any other type of electronic media containing such documents in your possession.

If you file a grievance, it must be in writing, clearly state your reasons for grieving this action and be filed with your union within fourteen (14) school days of the effective date of this termination.

If you file an appeal with OEA, you must do so within thirty (30) calendar days of the effective date of your termination. A copy of the OEA Rules and the appeal form are enclosed. This information also is available at http://oea.dc.gov/oea/site/default.asp. The OEA is located at 1100 4th Street, SW, Suite 620E, Washington, DC 20024.

Your health benefit coverage will end thirty one (31) days after your termination. If you are interested in continuing your health insurance and/or life insurance coverage beyond the 31-day extension, please

---

[1] **See DCMR** § 2–1402.61. Coercion or retaliation; 5-E 1401. Grounds for Adverse Action; Employees Rights and Responsibilities Policy

# EXHIBIT 2

**Rule 16.3 Report**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KIMBERLYNN JURKOWSKI,** | |
| *Plaintiff,* | Civil Action No. 1:23–cv–03788–ACR |
| **v.** | |
| **DISTRICT OF COLUMBIA PUBLIC SCHOOLS,** *et al.,* | |
| *Defendant.* | |

## JOINT REPORT ON PARTIES' PRE-DISCOVERY CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(c), and this Court's November 5, 2024 Minute Order, Plaintiff Kimberlynn Jurkowski and Defendant District of Columbia (the District) respectfully submit this Joint Report on Parties' Pre-Discovery Conference to propose further proceedings in this case.

### I.    Summary of the Case

Plaintiff brought this civil action alleging employment discrimination based on her race and national origin. She further claims that she was subjected to a hostile work environment based on her race and national origin.

The District states that Plaintiff's claims against the District are not actionable because all employment actions Plaintiff faced were supported by independent, non-discriminatory reasons. The District will also rely on the affirmative defenses raised in the District's Answer. ECF No. [39].

### II.    Rule 16.3 Report

Pursuant to Local Rule 16.3, Plaintiff and the District state the following:

1.    <u>Dispositive Motions</u>:  Each Party intends to file a motion for summary judgment
on the merits.  No dispositive motion is currently pending.

2.    <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>:  The Parties do
not anticipate joining any additional parties.  Plaintiff does not currently anticipate
amending her complaint further, but reserves the right to seek leave to amend.

3.    <u>Magistrate Judge</u>:  The parties do not both consent to the assignment of a
magistrate judge.

4.    <u>Possibility of Settlement</u>:  The District will assess the possibility of settlement as
litigation in this case progresses.   Plaintiff believes that there is a realistic
possibility of settlement.

5.    <u>ADR</u>:  If the District comes to believe that settlement is both desirable and
feasible, the District may request a referral to mediation or seek another form of
alternative dispute resolution.  Plaintiff takes no position on the subject.

6.    <u>Motions</u>:  The Parties anticipate filing motions for summary judgment on the
merits following the close of discovery, as the Parties believes that this case can
be decided by way of a dispositive motion.

7.    <u>Initial Disclosures</u>:  The Parties agree to exchange initial disclosures under Rule
26(a)(1) within 21 days of the Court's scheduling order.

8.    <u>Discovery</u>:  The Parties propose that the typical six month civil discovery period.
As such, the Parties propose the following schedule:

All time frames are calculated from the date of the Initial Scheduling Conference.

1.    Motion to Add Parties or Amend Pleadings  45 Days

2.    Fact Discovery Closed                                180 Days

2

| 3. | Plaintiff's R. 26(a)(2) Statements | 225 Days |
| 4. | Defendants' R. 26(a)(2) Statements | 270 Days |
| 5. | Close of Expert Discovery | 300 Days |

The Parties propose that the following limits should apply:

     i. Interrogatories: The Parties agree to 20 per side;

     ii.   Requests for Production of Documents: The Parties agree to 22 per side;

     iii.   Depositions: The District requests 4 depositions per side and Plaintiff requests 8 depositions per side;

     iv.   Requests for Admissions: The District requests 15 requests for admission per side and Plaintiff requests 25 requests for admission per side.

Plaintiff or the District may seek leave from the Court to increase this limit at a future time, with the other party preserving its right to object. Plaintiff and the District believe that a protective order is necessary and will work together to file with the Court a proposed protective order.

9.   <u>Electronically Stored Information:</u> At this time, the Parties do not foresee any issues relating to electronic discovery. The Parties agree to take reasonable measures to preserve electronically stored information. The Parties agree that, unless otherwise stated, each request made under Rule 34 will be presumed to include a request for responsive Electronically Stored Information ("ESI"). A search for ESI does not waive the right to claim privilege, objection or other

3

protection to producing responsive ESI.  Production of non-privileged ESI not subject to an objection or other protection will be in pdf format.  The producing party will bear the cost of producing ESI.

The Parties agree that the propounding party will propose search terms, custodians and date ranges for all searches of electronic mail records, subject to agreement by the opposing party.  To the extent there is a dispute or objection to the propounding party's proposed search terms, custodians and/or date ranges, the responding party's counsel will confer with propounding party's counsel to resolve any objections and disputes.  The Parties agree to confer in good faith regarding any disputes corresponding to ESI prior to filing a motion to compel.

Clawback Agreement:  The Parties stipulate that by providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.  A party shall promptly return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action.

10.  Privilege & Trial Preparation Materials:  The Parties do not anticipate this being an issue in this case.

11.  Experts:  Plaintiff anticipates designating experts 45 days after the close of fact discovery, and the District anticipates obtaining rebuttal experts if warranted, 45 days thereafter.

12.  Class Action:  This is not a class action.

13.  Bifurcation:  The District does not presently believe that bifurcation of trial is appropriate.  Plaintiff reserves judgment on this issue.

4

14.   <u>Pretrial Conference</u>:  The Parties propose that the date for the pretrial conference

      be set after the Court has issued a ruling on dispositive motions or at the Court's

      convenience.

15.   <u>Trial Date</u>: The Parties propose that any trial date be set at the final pretrial

      conference, or at the Court's convenience.

16.   <u>Other Matters</u>:  The Parties agree to bear their own costs.

Date: January 15, 2025          Respectfully submitted,

                    */s/ Kimberlynn Jurkowski (with permission)*
                    Kimberlynn Jurkowski
                    3540 Crain Highway
                    Bowie, MD 20716
                    (609) 481-8878
                    Kjurkowski777@gmail.com
                    *Pro se Plaintiff*

                    -and-

                    BRIAN L. SCHWALB
                    Attorney General for the District of Columbia

                    STEPHANIE E. LITOS
                    Deputy Attorney General
                    Civil Litigation Division

                    */s/ Jonathan Berman*
                    JONATHAN BERMAN [445169]
                    Section Chief, Section III
                    Civil Litigation Division

                    */s/ Ryan Martini*
                    RYAN MARTINI [888241893]
                    ANDREA NEGOVAN [90024450]
                    Assistant Attorneys General
                    Civil Litigation Division
                    400 6th Street NW
                    Washington, D.C. 20001
                    202-724-7322; 202-727-3218

ryan.martini@dc.gov;
andrea.negovan@dc.gov

*Counsel for Defendant District of Columbia*

# EXHIBIT 3

Defendant email consent denied

EXHIBIT 3

 kimberlynn jurkowski <kjurkowski777@gmail.com>

## Proposed amended complaint Plaintiff

**Vandini, Andrew (OAG)** <andrew.vandini@dc.gov>                    Mon, Jan 5, 2026 at 3:38 PM
To: kimberlynn jurkowski <kjurkowski777@gmail.com>, "Negovan, Andi (OAG)" <andrea.negovan@dc.gov>

Ms. Jurkowski:

Thank you for sharing a copy of your proposed Amended Complaint with us. The District does not consent to your request for leave to file an Amended Complaint and intends on opposing any such motion.

Please let me know if you have any questions or concerns.

Sincerely,

Andrew M. Vandini, Assistant Attorney General

Civil Litigation Division, Section III

Office of the Attorney General for the District of Columbia

400 6th Street, NW

Washington, D.C. 20001

Cell: (202) 957-2849

Direct: (202) 727-1038

andrew.vandini@dc.gov

**Confidentiality Notice:** This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message.

**Metadata:** This email transmission and any accompanying material may contain embedded metadata.

Any included metadata is confidential or privileged information and is not intended to be viewed by a non-client recipient.

**From:** kimberlynn jurkowski <kjurkowski777@gmail.com>
**Sent:** Monday, January 5, 2026 1:55 PM
**To:** Negovan, Andi (OAG) <andrea.negovan@dc.gov>; Vandini, Andrew (OAG) <andrew.vandini@dc.gov>; kimberlynn jurkowski <kjurkowski777@gmail.com>
**Subject:** Proposed amended complaint Plaintiff

> **CAUTION:** This email originated from outside of the DC Government. Do not click on links or open attachments unless you recognize the sender and know that the content is safe. If you believe that this email is suspicious, please forward to phishing@dc.gov for additional analysis by OCTO Security Operations Center (SOC).

See attached.