# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLYNN JURKOWSKI, <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA PUBLIC SCHOOLS, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:23-cv-03788-ACR |

## STATUS REPORT

The District hereby submits its update on this case, including the status of the pending motions and of discovery.

Substantial fact discovery has been taken, but both sides contemplate more as detailed below.  Expert discovery has not begun.  There is no operative scheduling order in this case.

## I.     The Pending Motions.

The Court set the upcoming hearing to address four pending motions:  Docket Items 64, 65, 67, and 69.  Ms. Jurkowski filed each of these motions.

Docket Item 64 is a request by Ms. Jurkowski to issue subpoenas.  The deposition issues are addressed below.

Docket Item 65 is a motion by Ms. Jurkowski for leave to file an amended complaint.  The District opposed this motion. *See* [66].  The District showed that the proposed amended complaint was largely incomprehensible (and hence futile), and that to the extent it sought to add new causes of action it was prejudicially late.

Docket Item 67 is yet another motion by Ms. Jurkowski to amend her complaint.  On

February 9, 2026 the Court entered a minute order instructing the District that it "need not file a response at this time," and stating that "[t]he Court will address the pending motions" (including [67]) at the upcoming status conference.

If the Court does not deny Ms. Jurkowski's most recent "Opposed Motion for Leave to Amend Complaint," [67], the District will want to file an opposition brief. The brief will show that Ms. Jurkowski's claims are beyond the statute of limitations, and her amended compliant would not relate back. The District would also show that the new claims are barred by the Comprehensive Merit Personnel Act (CMPA), that the attempt to amend her complaint is prejudicially late, and that Ms. Jurkowski fails to state a cognizable claim.

In Docket Item 69 Ms. Jurkowski asks that "Opposed Motions 65 & 67"—both of which seek leave to file an amended complaint—"be treated as a single filing." But Docket Items 65 and 67 do not address the same proposed complaint; the proposed complaint attached to [65] is very, very different from the proposed complaint attached to [67]. There should only be one operative complaint. It is confusing and prejudicial for Ms. Jurkowski to demand that the complaint be deemed some amalgam between two very different filings.

## II.    Plaintiff's Other Legal Proceedings.

The case before this Court is one of at least five legal proceedings relating to Ms. Jurkowski's termination from DCPS. The other four are as follows:

First, she availed herself of the grievance process through her Union. Through that grievance Ms. Jurkowski disputed, as she does in this case, that she had forced her students to re-enact the atrocities of the Holocaust. A four-day arbitration was held in 2023 that included testimony from two of the minor children who participated in the reenactment. The arbitrator found clear evidence the reenactment had occurred and upheld Ms. Jurkowski's termination.

2

Second, Ms. Jurkowski attempted to appeal the arbitration's findings to the Superior Court in *Kimberlynn Jurkowski v. DCPS*, Case No. 2024-CAB-002042, which was dismissed for lack of subject matter jurisdiction under the Comprehensive Merit Personnel Act. Review of arbitration decisions is conducted by the Public Employee Relations Board (PERB), not the Superior Court.

Third, on December 15, 2025, Ms. Jurkowski filed a suit in Superior Court against the District of Columbia Public Schools and about 30 other defendants. *Jurkowski v. Berkowitz et al.*, Case No. 2025-CAB-008255. Defendants in this case include current and former school employees, her union, union officials, and parents of the minor children she subjected to her disturbing Holocaust reenactment. In that case, she filed a complaint very similar to the proposed amended complaint she submitted in this federal case, alleging a civil conspiracy to frame her and have her fired from DCPA. Ms. Jurkowski's latest motion to amend in that matter was denied. The judge found that Ms. Jurkowski's claims as pleaded are barred by the statute of limitations but granted her leave to replead. *See* Order (April 21, 2026) at 12–17. The Court also found that Ms. Jurkowski had used artificial intelligence to construct her pleadings, found that those pleadings contained nonexistent and inaccurate legal citations, and warned that "the submission of nonexistent or egregiously inaccurate legal citations may violate Superior Court Civil Rule 11." *Id.* at 19–20.

Fourth, on March 16, 2026, Ms. Jurkowski filed a Petition for Review of Agency Decision in Superior Court, *Kimberlynn Jurkowski v. DCPS et al.*, Case No. 2026-CAB-001798 contesting the Office of Employee Appeals' decision that it lacked jurisdiction over her termination because she had already availed herself of her Union's grievance process. An initial scheduling conference in this case is set for July 2, 2026.

## II.    Defendant's Discovery

### A.    The District's Requested Deposition of Plaintiff

The District took Ms. Jurkowski's deposition on January 7, 2026.

### B.    Additional Discovery

The District intends to take the deposition of Ms. Jurkowski's therapist, Jamal Fletcher, LCSW.  The District will coordinate available dates with Mr. Fletcher and Ms. Jurkowski, and will subpoena Mr. Fletcher for a remote deposition on a mutually agreeable date.

Further, the District intends to depose the signatories of a damages affidavit submitted by Ms. Jurkowski in discovery, titled "Signed Declarations Distress Care in Support of Plaintiff (Kimberlynn Jurkowski).  The individuals who signed the affidavit are Abyssinia A. Jurkowski, Orion L. Jurkowski, Arion S. Jurkowski, Sonia Williams, and William E. Jenkins IV.  The District has requested that Ms. Jurkowski provide the last known address of these individuals, as well as other contact information, but Ms. Jurkowski has refused to provide her signatories' information. The District requests that the Court compel Plaintiff to provide their contact information so they can be served.  In the alternative, the affidavit should be struck and the signatories precluded from testifying in this matter.

## III.    Plaintiff's Requested Depositions

At the last hearing, the Court directed Plaintiff to provide her final list of her eight requested deponents to the District—she did so on December 1, 2025.  She named the following individuals: four current DCPS employees: (1) Principal MScott Berkowitz, (2) Mark Boisvert, (3) Jerenzo Redmon, and (4) Jade Fuller; and four non-party deponents: (5) Katherine Moxley, (6) Allyson Kitchell (7) Aimee Peoples, and (8) Susan Bloom.

Plaintiff also seeks the deposition by written question of one of the minor children that Ms.

4

Jurkowski forced to participate in the Holocaust reenactment.

### A.    Current DCPS Employees

The District has made available for deposition every individual in its control that is listed above: (1) Principal MScott Berkowitz, (2) Mark Boisvert, (3) Jerenzo Redmon, and (4) Jade Fuller were deposed by Ms. Jurkowski on December 11, 2025, at the District of Columbia Office of the Attorney General's Offices at 400 6th St. NW, Washington DC, 20001.

The day before these depositions, Ms. Jurkowski announced that she would not pay the court reporter's appearance fee.  To avoid delay and eliminate a dispute, the District paid for the court reporter's appearance for all four depositions of these current DCPS employees.

### B.    Non-Party Deponents

As to the remaining deponents, they are not parties to this case and are not current District employees.  As detailed below, although some are former employees, they are not under the District's control and the District therefore cannot produce them for deposition.  Efforts to depose these non-party witnesses have been complicated by the fact that Ms. Jurkowski has named them all as defendants in her 2025 Superior Court action.

For these non-party witnesses, Ms. Jurkowski and the District agreed that they should be deposed on January 8, 2026.  However, the subpoenas submitted by Ms. Jurkowski to the Court were not acted on, and Ms. Jurkowski has not renewed her request for Court-issued subpoenas.

Undersigned counsel does not represent these non-party witnesses in connection with discovery in this federal action (although we represent three for other purposes).  Nevertheless we have coordinated with them to apprise them of Ms. Jurkowski's intent to take their depositions, and to ascertain their positions.  Counsel understands their positions to be as follows:

<u>Katherine Moxley</u>

Ms. Moxley was the homeroom teacher of the students that Ms. Jurkowski directed to reenact the Holocaust on December 17, 2025 during Ms. Jurkowski's library time.  After Ms. Moxley's students told Ms. Moxely they had participated in a "Hitler play" during library time, Ms. Moxley asked her students to write down what happened.  She delivered her students' handwritten accounts of the reenactment to Principal Berkowitz that morning.  Ms. Moxley was a witness in Ms. Jurkowski's arbitration, and was extensively questioned at the arbitration by Ms. Jurkowski's representative.

Ms. Moxley is now retired, and is not under the District's control.

As noted above, Ms. Jurkowski has filed suit in the Superior Court, alleging a broad conspiracy among 31 individuals and organizations—including Ms. Moxley.  The undersigned represents Ms. Moxley as an individual Defendant in the Superior Court matter. The undersigned does not represent Ms. Moxley regarding discovery in this action.

Ms. Moxley has communicated her position regarding discovery in this case to the District.  Ms. Moxley does not agree to appear for a deposition.  Ms. Moxley no longer works for the District and currently lives in Florida.  Ms. Moxley stated that she would not agree to appear for a deposition because she has already testified extensively under oath and subject to cross examination regarding these same issues during the arbitration hearings between Ms. Jurkowski (who at the time was represented by counsel from her teacher's union) and DC Public Schools. The District has provided that 1003-page hearing transcript from that four-day arbitration to Ms. Jurkowski.  The portion containing Ms. Moxley's testimony is attached.

Furthermore, the District understands that Ms. Moxley is not willing to travel from Florida in order to attend a District.  (*See* Fed. R. Civ. P. 45(c)(1) (subpoena is not valid if it calls on a

witness to travel out of state more than 100 miles).

The District has provided to Ms. Jurkowski Ms. Moxley's Florida address so that Ms. Jurkowski can move forward as she chooses.

<u>Allyson Kitchell</u>

Ms. Kitchell was the parent of a student in Ms. Jurkowski's Battle of the Books club. The District contacted Ms. Kitchell and requested her availability for a deposition. Ms. Kitchell agreed to a remote deposition but would not consent to appear for an in-person deposition without being issued a subpoena. Ms. Jurkowski has not agreed to depose Ms. Kitchell virtually.

Ms. Kitchell is not under the District's control, and undersigned counsel do not represent her for any purpose.

<u>Susan Bloom</u>

Ms. Bloom was the Peabody Elementary School librarian, a sister school to Watkins Elementary. She no longer works for the District, and is not under the District's control. The undersigned represents Ms. Bloom as an individual Defendant in the Superior Court matter Ms. Jurkowski filed against 31 individuals and organizations. The undersigned does not represent Ms. Bloom regarding discovery in this action.

Ms. Bloom has communicated to the District that she does not agree to appear for a deposition in this matter.

<u>Aimee Peoples</u>

Ms. Peoples no longer works for the District as of September 12, 2025, and is not under the District's control. The undersigned represents Ms. Peoples as an individual Defendant in the Superior Court matter Ms. Jurkowski has filed against 31 individuals and organizations but does not represent her regarding discovery in this action.

Ms. Peoples has communicated to the District that she does not agree to appear for a deposition in this matter.

**C.**     **Written Deposition of Minor Child TA.**

Ms. Jurkowski has written a list of topics she would like the minor child TA to answer. This list has been provided to counsel for TA, who is separately represented.

Counsel for TA has indicated to the District that they wish to be heard by the Court.

Date:   May 11, 2026                                            Respectfully submitted,

                                                               BRIAN L. SCHWALB
                                                               Attorney General for the District of Columbia

                                                               CHAD COPELAND
                                                               Deputy Attorney General
                                                               Civil Litigation Division

                                                               */s/ Jonathan Berman*
                                                               JONATHAN BERMAN [445169]
                                                               Chief, Civil Litigation Division, Section III

                                                               */s/ Andrea Negovan*
                                                               NICHOLAS DREWS [1779084]
                                                               ANDREA NEGOVAN [90024450]
                                                               Assistant Attorneys General
                                                               400 6th Street, NW
                                                               Washington, D.C. 20001
                                                               (202) 741-7657; (202) 957-2865
                                                               nicholas.drews@dc.gov
                                                               andrea.negovan@dc.gov

                                                               *Counsel for Defendant District of Columbia*

8